**Ralph H. MONTGOMERY, Plaintiff,**

v.

**K & K OIL COMPANY, Inc., Defendant.**

**Civ. A. No. 1713.**

United States District Court
W. D. Missouri,
Southwestern Division.

Dec. 20, 1963.

[1]. See also Moore v. Gorman, S.D.N.Y.1948, 75 F.Supp. 453, Athas v. Day, D.Colo.1958, 161 F.Supp. 916.

**54**

James A. Dunn, Carthage, Mo., for plaintiff.

Max Patten, Joplin, Mo., for defendant.

BECKER, District Judge.

This is a civil action under the Fair Labor Standards Act of 1938 (hereinafter referred to as the Act), 29 U.S. C.A. §§ 201 to 219, in which plaintiff seeks to recover overtime compensation in the amount of $7,909.20 alleged to be due him, together with an additional equal amount of liquidated damages, a reasonable attorney's fee and costs of the action, all as provided in section 16(b) of the Act, 29 U.S.C.A. § 216(b).

The overtime compensation claimed is for the workweeks beginning July 3, 1959 and ending November 17, 1961.

The parties have filed cross motions for summary judgment on the question of defendant's engagement in interstate commerce together with suggestions in support thereof.

Plaintiff's suggestions in support of his motion state:

"The material facts, upon which plaintiff relies in support of this Motion for Summary Judgment, are stated in the Motion, these being the fact that substantially all of defendant's products are shipped directly to defendant from points outside the State of Missouri, more particularly from the States of Kansas and Texas, and that the defendant's annual gross volumes of sales for the years in question, in the controversy between the parties hereto, exceeds the sum of One Million Dollars ($1,-000,000)."

and further that:

"Title 29 USC Section 203 Subsection S sets forth the test for determining whether an enterprise is engaged in commerce or in the production of goods for commerce. It is submitted that upon the foregoing facts the defendant corporation would fall under sub-section 5, relating to gasoline service establishments or, if not, under sub-section 1, relating to any enterprise if the annual gross volume of sales is not less than One Million Dollars ($1,-000,000.00)."

From plaintiff's motion and suggestions it is thus evident that plaintiff seeks to bring himself within the coverage of the maximum hours and overtime provisions of the Act by showing that he is "employed in an enterprise engaged in commerce." Section 7(a) (2) F.L.S.A. 29 U.S.C.A. § 207(a) (2).

Section 7(a) (2) F.L.S.A. 29 U.S.C.A. § 207(a) (2) provides in pertinent part that

"No employer shall employ any of his employees who in any workweek (i) is employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined in section 3(s) (1) or (4), or by an establishment described in section 3(s) (3) * * * (A) for a workweek longer than forty-four hours during the third year from the effective date of the Fair Labor Standards Amendments of 1961, (B) for a workweek longer than forty-two hours during the fourth year from such date, (C) for a workweek longer than forty hours after the expiration of the fourth year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

It is noted that this section became effective in September 1963.

Section 13(b) (8) of the Act, 29 U.S.C.A. § 213(b) (8), reads in the pertinent part:

"(b) The provisions of section 7 [section 207 of Title 29 U.S.C.A.] shall not apply with respect to—
* * *

(8) any employee of a gasoline service station * * *."

■ Thus if we assume that defendant is an "enterprise engaged in commerce" within the meaning of Section 3(s) (1) of the Act, 29 U.S.C.A. § 203(s) (1), the maximum hours and overtime provisions of section 7(a) (2) of the Act, Title 29 U.S.C.A. § 207(a) (2), which became effective in September 1963, are not applicable to the present cause since the workweeks in issue ended November 17, 1961.

■ If we assume that defendant is an "enterprise engaged in commerce" within the meaning of Section 3(s) (5) of the Act, 29 U.S.C.A. § 203(s) (5),

the maximum hours and overtime provisions of section 7 of the Act are not applicable by reason of the express exception set forth in section 13(b) (8) of the Act, Title 29 U.S.C.A. § 213(b) (8).

Consequently plaintiff in this cause cannot avail himself of the so-called "enterprise coverage" of the Act. Therefore his motion for summary judgment cannot be granted.

Defendant's motion is also entitled a motion for summary judgment on the question of defendant's engagement in interstate commerce and its suggestions can be summarized as follows:

" * * * the K & K Oil Company ships none of its merchandise to itself, but places the same in the bulk plant located at Webb City. The refineries cause said tank cars or other means of common carriers to load said trucks, as orders are placed by the K & K Oil Company, and all deliveries are made to the bulk plant in Webb City, Missouri, where they are commingled with other goods already on hand, and at that point come to rest, and any indicia of interstate commerce has ceased."

In effect defendant argues that the goods handled by it came to rest and were no longer in interstate commerce at the time plaintiff handled them. There are, however, insufficient facts on file herein to enable this Court to make such a determination.

■ In any event the question properly before the Court under the circumstances of this case is not, as both counsel for the plaintiff and for the defendant have apparently assumed, whether or not defendant is engaged in interstate commerce, but rather whether or not plaintiff is within the coverage of section 7(a) (1) of the Act, Title 29 U.S.C.A. § 207(a) (1). This proposition has been succinctly stated as follows:

"The question at issue is whether these * * * employees are 'engaged in commerce' as that term is used in §§ 6 and 7 of the Act, 29

USC §§ 206, 207. To determine the answer to this question, we focus on the activities of the employees and not on the business of the employer." Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, l.c. 211, 79 S.Ct. 260, l.c. 263, 3 L.Ed.2d 243, l.c. 247.

It is therefore

Ordered that the cross motions for summary judgment on file herein be, and the same are hereby, denied.